**FILED**
CLERK, U.S. DISTRICT COURT

11/4/2025

CENTRAL DISTRICT OF CALIFORNIA
BY: _____RYO_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2025 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 2:25-cr-00902-SVW |
| Plaintiff, | I N D I C T M E N T |
| v. | [21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii): Possession with Intent to Distribute Methamphetamine; 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and Ammunition; 18 U.S.C. § 924(c)(1)(A): Possession of Firearms in Furtherance of a Drug Trafficking Crime; 21 U.S.C. § 853, 18 U.S.C. § 924(d)(1), and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| SEAN CARLOS BRISENO, | |
| Defendant. | |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about January 23, 2024, in Ventura County, within the Central District of California, defendant SEAN CARLOS BRISENO, knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 137.5 grams, of methamphetamine, a Schedule II controlled substance.

COUNT TWO

[18 U.S.C. § 922(g)(1)]

On or about January 23, 2024, in Ventura County, within the Central District of California, defendant SEAN CARLOS BRISENO knowingly possessed the following ammunition, each in and affecting interstate and foreign commerce:

1.    Forty-five rounds of .40 S&W caliber ammunition stamped "G.F.L. 40 S.W.";

2.    Twenty-three rounds of .40 S&W caliber ammunition stamped "WINCHESTER 40 S&W"; and

3.    Nine rounds of .40 S&W caliber ammunition stamped "HORNADY 40 S&W".

Defendant BRISENO possessed such ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1.    Possession for Sale of a Controlled Substance, in violation of California Health & Safety Code Section 11378, in the Superior Court for the State of California, County of Ventura, Case Number 2009038335, on or about February 18, 2010;

2.    Own/Possess/Control a Firearm by a Felon or Addict, in violation of California Penal Code Section 29800(a)(1), in the Superior Court for the State of California, County of Ventura, Case Number 2015027581, on or about November 9, 2015;

3.    Unlawful Taking of a Vehicle, in violation of California Vehicle Code Section 10851(a), in the Superior Court for the State of California, County of Ventura, Case Number 2015000055, on or about March 16, 2016;

2

4.    Unlawful Taking of a Vehicle, in violation of California Vehicle Code Section 10851(a), in the Superior Court for the State of California, County of Ventura, Case Number 2018027890, on or about January 24, 2020; and

5.    Evading an Officer, Willful Disregard, in violation of California Vehicle Code Section 2800.2(a), in the Superior Court for the State of California, County of Ventura, Case Number 2018027890, on or about January 24, 2020.

COUNT THREE

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about January 23, 2024, in Ventura County, within the Central District of California, defendant SEAN CARLOS BRISENO, knowingly possessed a firearm, namely, a Glock-style, .40 S&W handgun, with no serial number on the frame, in furtherance of a drug trafficking crime, namely, possession with intent to distribute methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii), as charged in Count One of this Indictment.

4

COUNT FOUR

[18 U.S.C. § 922(g)(1)]

On or about April 19, 2024, in Ventura County, within the Central District of California, defendant SEAN CARLOS BRISENO knowingly possessed the following firearms and ammunition, each in and affecting interstate and foreign commerce:

1. Forty-four rounds of 9mm Luger caliber ammunition stamped "AGUILA 9mm";

2. Forty-nine rounds of .40 S&W caliber ammunition stamped "WIN 40 S&W";

3. One round of .40 S&W caliber ammunition stamped "*--* 40 S&W";

4. Seventy-six rounds of .40 S&W caliber ammunition stamped "G.F.L. 40 S.W.";

5. Twenty-four rounds of .40 S&W caliber ammunition stamped "WINCHESTER 40 S&W";

6. Two rounds of .40 S&W caliber ammunition stamped "PPU 40 S&W";

7. Four rounds of .40 S&W caliber ammunition stamped "R-P 40 S&W";

8. Twenty-five rounds of .40 S&W caliber ammunition stamped "BLAZER 40 S&W";

9. Two rounds of .40 S&W caliber ammunition stamped "FEDERAL 40 S&W";

10. Two rounds of .40 S&W caliber ammunition stamped "PMC 40 S&W";

11. Two rounds of .40 S&W caliber ammunition stamped "CBC 40 S&W";

5

12. One round of .454 Casull caliber ammunition stamped "HORNADY 454 CASULL";

13. Two rounds of 6.5x52mm caliber ammunition stamped "1936*";

14. Twenty rounds of .30 Carbine caliber ammunition stamped "FC 30 CARBINE";

15. One round of .30 Carbine caliber ammunition stamped "W-W 30 CARBINE";

16. Four rounds of .38 Auto caliber ammunition stamped "R-P 38 AUTO";

17. Two rounds of .38 Super Auto caliber ammunition stamped "W-W SUPER 38 AUTO";

18. One round of .38 Super Auto caliber ammunition stamped "PMC 38 SUPER+P";

19. Fifty rounds of 9mm Luger caliber ammunition stamped "TZZ 9MM 82";

20. One round of .40 S&W caliber ammunition stamped "SPEER 40 S&W";

21. Twenty-two rounds of .45 Auto caliber ammunition stamped "WINCHESTER 45 AUTO";

22. One round of .40 S&W caliber ammunition stamped "FEDERAL 40 S&W NT";

23. A Tisas ZIG PC 1911, .45 caliber pistol, bearing serial number T0620-20AK00204;

24. A SCT Manufacturing SCT 19, 9mm Luger caliber pistol, bearing serial number AAA0010543;

25. A SCT Manufacturing SCT 19, 9mm Luger caliber pistol, with an obliterated serial number; and

26. An Iver Johnson, American Bulldog, .38 S&W caliber revolver, bearing serial number 8695.

Defendant BRISENO possessed such firearms and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. Possession for Sale of a Controlled Substance, in violation of California Health & Safety Code Section 11378, in the Superior Court for the State of California, County of Ventura, Case Number 2009038335, on or about February 18, 2010;

2. Own/Possess/Control a Firearm by a Felon or Addict, in violation of California Penal Code Section 29800(a)(1), in the Superior Court for the State of California, County of Ventura, Case Number 2015027581, on or about November 9, 2015;

3. Unlawful Taking of a Vehicle, in violation of California Vehicle Code Section 10851(a), in the Superior Court for the State of California, County of Ventura, Case Number 2015000055, on or about March 16, 2016;

4. Unlawful Taking of a Vehicle, in violation of California Vehicle Code Section 10851(a), in the Superior Court for the State of California, County of Ventura, Case Number 2018027890, on or about January 24, 2020; and

5. Evading an Officer, Willful Disregard, in violation of California Vehicle Code Section 2800.2(a), in the Superior Court for the State of California, County of Ventura, Case Number 2018027890, on or about January 24, 2020.

COUNT FIVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about August 22, 2024, in Ventura County, within the Central District of California, defendant SEAN CARLOS BRISENO, knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 168.5 grams, of methamphetamine, a Schedule II controlled substance.

COUNT SIX

[18 U.S.C. § 922(g)(1)]

On or about August 22, 2024, in Ventura County, within the Central District of California, defendant SEAN CARLOS BRISENO knowingly possessed ammunition, namely, one round of 9mm Luger caliber ammunition stamped "PMC 9MM 14"ammunition, in and affecting interstate and foreign commerce.

Defendant BRISENO possessed such ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1.    Possession for Sale of a Controlled Substance, in violation of California Health & Safety Code Section 11378, in the Superior Court for the State of California, County of Ventura, Case Number 2009038335, on or about February 18, 2010;

2.    Own/Possess/Control a Firearm by a Felon or Addict, in violation of California Penal Code Section 29800(a)(1), in the Superior Court for the State of California, County of Ventura, Case Number 2015027581, on or about November 9, 2015;

3.    Unlawful Taking of a Vehicle, in violation of California Vehicle Code Section 10851(a), in the Superior Court for the State of California, County of Ventura, Case Number 2015000055, on or about March 16, 2016;

4.    Unlawful Taking of a Vehicle, in violation of California Vehicle Code Section 10851(a), in the Superior Court for the State of California, County of Ventura, Case Number 2018027890, on or about January 24, 2020; and

5.    Evading an Officer, Willful Disregard, in violation of California Vehicle Code Section 2800.2(a), in the Superior Court for

the State of California, County of Ventura, Case Number 2018027890, on or about January 24, 2020.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in Counts One and Five of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)  All right, title, and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b)  All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate, the commission of any such offense;

(c)  All right, title, and interest in any firearm or ammunition involved in any such offense; and

(d)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.    Pursuant to Title 21, United States Code, Section 853(p), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be

11

located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Counts Two, Three, Four, or Six of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)  All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

(b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

//

13

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                        A TRUE BILL


                                        /S/
                                        Foreperson


BILAL A. ESSAYLI
First Assistant United States
Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division


FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

SHAWN T. ANDREWS
Assistant United States Attorney
Deputy Chief, General Crimes
Section

MATTHEW J. TAKO
Assistant United States Attorney
Domestic Security and Immigration
Crimes Section

14